```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA (RURAL      )
DEVELOPMENT f/k/a FARMERS HOME       )
ADMINISTRATION),                     )
                                     )
              Plaintiff,             )   Civil No. 2011-116
                                     )
              v.                     )
                                     )
DIANA DAVID, CFSC CONSORTIUM LLC, and)
VIRGIN ISLANDS BUREAU OF INTERNAL    )
REVENUE                              )
                                     )
              Defendants.            )
                                     )
```

ATTORNEYS:

**Ronald Sharpe, United States Attorney**
**Jason T. Cohen, AUSA**
**Timothy J. Abraham, AUSA**
United States Attorney's Office
St. Thomas, VI
   *For the plaintiff,*

**Diana David**
   *Pro se defendant,*

**CFSC Consortium LLC**
   *Unrepresented entity.*

### JUDGMENT

**GÓMEZ, J.**

Before the Court is the motion of the plaintiff, the United States of America (Rural Development f/k/a Farmers Home Administration)("the Government"), for default judgment against Diana David ("David") and CFSC Consortium LLC ("CFSC").

Upon consideration of the record, the Court finds the following facts:

1. On May 30, 1990, Diana David borrowed $93,000 from the Government.

2. The loan was evidenced by a promissory note (the "Note"), which David executed and delivered to the Government on May 30, 1990. Pursuant to the Note, David agreed to repay the Government in installments of $719 per month. Interest accrued on the loan at the rate of 8.75% each year.

3. The Note permitted the Government to accelerate payment due in the event David failed to make timely payments.

4. The Note was secured by a first priority mortgage of the same date.

5. David was the record owner of property described as:

    Parcel No. 98 Estate Bordeaux
    No. 6 West End Quarter
    St. Thomas, Virgin Islands
    as described in P.W.D. C-9-1918-T71

    (the "Property").

6. David executed a mortgage which secures the payment of the Note (the "FHA Mortgage"). The FHA Mortgage is attached to the Property. The FHA Mortgage terms give the Government the right to foreclose on the Property in the event of default on the loan.

7. The FHA Mortgage was recorded at the Office of the Recorder of Deeds for St. Thomas and St. John on May 31, 1990, in official record book 35-Z, page 368, Sub No. 3069, and entered in the real property register for Auxiliary No. 29, page 45.

8. David entered a subsidy repayment agreement (the "SRA") which permitted the Government to recapture interest credits granted to David in the event of foreclosure on the FHA Mortgage.

9. On October 27, 1992, David executed a second mortgage on the Property (the "SBA Mortgage"). The SBA Mortgage secured a loan of $60,000 made from the United States Small Business Association (the "SBA") to David. The SBA Mortgage was recorded on October 30, 1992, in book 40-E, page 32, Doc. No. 5758.

10. On March 28, 2000, David defaulted under the terms of the Note and FHA Mortgage by failing to pay her monthly installments on the principal and interest. David remains in default under the terms of the Note and the FHA Mortgage.

11. On September 30, 2000, the SBA sold and assigned the SBA Mortgage to CFSC.

12. The Government gave notice of default to David by correspondence dated August 12, 2000. The notice was sent

to the last address given by David to the Government and to the address of the Property. The notice of default advised that failure to cure the default would result in acceleration and foreclosure.

13. The Government declared the entire unpaid principal under the Note with accrued interest due and payable.

14. The Government filed its action for debt and foreclosure against David on October 26, 2011. CFSC and the Virgin Islands Bureau of Internal Revenue were included as defendant junior lien-holders.

15. On August 29, 2012, the Government filed a stipulation of dismissal of the Virgin Islands Bureau of Internal Revenue.

16. David and CFSC did not answer or otherwise appear.

17. David is not an incompetent, a minor, or in the military service of the United States.

18. The Clerk of Court entered default against David on April 5, 2013. The Clerk of Court entered default against CFSC on June 25, 2013.

19. The Government filed the instant motion for default judgment on November 1, 2013.

20. As of July 1, 2013, the total amount due to the Government under the Note was $234,314.34. Interest accrued at the rate of $9.16 per day.

The premises considered, it is hereby

**ORDERED** that the Government's motion for default judgment is **GRANTED**; and it is further

**ORDERED** that David is liable to the Government for the Note in the amount of $234,314.34. Interest continues to accrue on this amount at the rate of $9.16 per diem until the date of this Judgment, and thereafter at the statutory rate; it is further

**ORDERED** that the FHA Mortgage is a first priority lien; it is further

**ORDERED** that the SBA Mortgage is a second priority lien; it is further

**ORDERED** that the FHA Mortgage, and any liens subsequent to it, are hereby foreclosed; it is further

**ORDERED** that the aforesaid lien shall be foreclosed and the Property shall be sold by the United States Marshal according to law and the proceeds of such sale shall be applied first to the expenses associated with any sale, including but not limited to the costs of publication and the commission assessed by the United States Marshal's Service pursuant to Title 28, Section 1921 of the United States Code, and then toward satisfaction of this Judgment in favor of the Government, including any costs and attorney's fees that may be awarded upon application and any sums that may be paid by the Government for insurance premiums, taxes, and expenditures necessary to maintain the Property pending sale with interest from the date of any such payment.

Pursuant to Title 5, Section 489(5) of the Virgin Islands Code, the surplus, if any, remaining after application of the proceeds as provided above, shall be returned to the debtor; and it is further

    **ORDERED** that:

1. Pursuant to Title 5, Section 484 of the Virgin Islands Code, notice of the Marshal's sale shall be posted for four (4) weeks prior to the sale in a public place in or near the Office of the Clerk of the Court; and published once a week for at least four (4) consecutive weeks prior to the sale in a newspaper regularly issued and of general circulation in the U.S. Virgin Islands, which uses newsprint. The notice shall describe the Property as set out above and shall contain the terms and conditions of sale as set out herein.

2. The terms and conditions of the sale shall be as follows:

    a. The Property shall be sold as a whole at a public sale at the Office of the U.S. Marshal, Federal Building, St. Thomas, U.S. Virgin Islands.

    b. The Government may bid a credit against its Judgment and interest thereon, plus any costs and expenses, without tender of cash.

    c. The terms of the sale as to all other persons or parties bidding shall be cash.

  d. The successful bidder on the Property shall be required to deposit with the United States Marshal cash equal to ten percent of his total bid at or before 5:00 p.m. on the date of the sale of the Property; and the remaining ninety percent of the said purchase price to be paid on or before 5:00 p.m. within thirty days inclusive, of the date of sale of the Property.

  e. The United States Marshal shall make his report of the sale of the Property within ten days from the date of the sale.

3. The Government shall have any and all writs necessary to execute the terms of this Judgment.

4. David shall be liable to the Government for any deficiency remaining after the sale of the Property.

                S\_____
                **CURTIS V. GÓMEZ**
                **District Judge**